IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL GARDNER,

       Plaintiff,                       No. CIV S-06-1174 FCD CMK P

     vs.

SCOTT KERNAN, Warden, et al.,

       Defendants.                  FINDINGS & RECOMMENDATIONS

       Plaintiff is a state prisoner proceeding pro se and without counsel in this civil rights action. This proceeding was referred to this court by Local Rule 73-302 and 28 U.S.C. § 636(b)(1). Plaintiff has filed a request for injunctive relief seeking an order requiring defendants to allow him a minimum of ten hours of outdoor exercise each week and order defendants to allow plaintiff to be seen by an independent physician to evaluate his physical and mental health.[1] (Doc. 7.)

///

///

---

[1] On the same date, plaintiff also filed an amended complaint. By separate order and findings and recommendations, the amended complaint was screened and determined to state a cognizable claim for relief against two of the named defendants; however the court recommended that plaintiff's claims against the other four defendants be dismissed.

1

1    The legal principles applicable to a request for injunctive relief such as a restraining order are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

    Plaintiff names Scott Kernan, Jeanne Woodford, R. Mandeville, J. Walker, R. Hill and J.S. Zuber as defendants. The gist of plaintiff's compliant is that he is being denied adequate access to the prison exercise yard, which has caused him to suffer several maladies. Plaintiff alleges that he is deprived of time in the exercise yard as a result of policies promulgated by defendants Kernan and Woodford. He alleges that defendants Mandeville, Walker, Hill, and Zuber violated his rights by denying his grievances concerning his lack of access to the exercise yard. Plaintiff alleges that, as a result of the alleged deprivations, he has lost approximately thirty pounds and has suffered severe muscle atrophy and a "host of other medical maladies."

    The court finds that plaintiff has not demonstrated a significant showing of irreparable injury. Plaintiff does not allege that he is unable to exercise within his cell and plaintiff does not describe with any specificity his "host of other medical maladies." Accordingly, the court finds that the motion for preliminary injunctive relief should be denied.

///
///
///

IT IS RECOMMENDED THAT plaintiff's motion for injunctive relief (doc. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   September 28, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE