1
2
3
4
5
6
7                        IN THE UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9   EARL GARDNER,

10            Plaintiff,                      No. CIV S-06-1174 FCD CMK P

11        vs.

12   SCOTT KERNAN, Warden, et al.,

13            Defendants.                 ORDER
                                          AND FINDINGS & RECOMMENDATIONS
14   _____/

15            Plaintiff is a state prisoner proceeding pro se and without counsel in this civil

16   rights action.  This proceeding was referred to this court by Local Rule 73-302 and 28 U.S.C. §

17   636(b)(1).  By order filed September 8, 2006, plaintiff's complaint was dismissed with leave to

18   file an amended complaint in thirty days.  Plaintiff has now filed an amended complaint, which

19   appears to be a form complaint.

20            Plaintiff names Scott Kernan, Jeanne Woodford, R. Mandeville, J. Walker, R. Hill

21   and J.S. Zuber as defendants.  The gist of plaintiff's compliant is that he is being denied adequate

22   access to the prison exercise yard, which has caused him to suffer several maladies.  Plaintiff

23   alleges that he is deprived of time in the exercise yard as a result of policies promulgated by

24    defendants Kernan and Woodford.  He alleges that defendants Mandeville, Walker, Hill, and

25   Zuber violated his rights by denying his grievances concerning his lack of access to the exercise

26   yard.

                                            1

1    Deprivation of outdoor exercise violates the Eighth Amendment rights of prisoners

2 confined to continuous and long-term segregation.  See Keenan v. Hall, 83 F.3d 1083, 1089 (9th

3 Cir. 1996).  Plaintiff alleges that an official policy or custom is behind his alleged deprivation.

4 Accordingly, the court finds that plaintiff states a cognizable claim against defendants Kernan and

5 Woodford.

6    The Ninth Circuit has stated that inmates have no legitimate claim of entitlement

7 to a prison grievance procedure.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

8 Accordingly, plaintiff fails to state a cognizable claim against defendants Mandeville, Walker,

9 Hill and Zuber.  Because it is clear that the deficiencies in plaintiff's complaint against these four

10 defendants cannot be cured through amendment, dismissal without leave to amend is appropriate.

11 See Denton v. Hernandez, 504 U.S. 25 (1991).  The court will make further orders regarding

12 service after the district judge's ruling on these findings and recommendations.

13    IT IS RECOMMENDED THAT plaintiff's complaint against Mandeville, Walker,

14 Hill and Zuber be dismissed for failure to state a claim.

15    These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

17 after being served with these findings and recommendations, plaintiff may file written objections

18 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

19 and Recommendations."  Plaintiff is advised that failure to file objections within the specified

20 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

21 (9th Cir. 1991).

22 DATED:   September 28, 2006.

23

24    _____

25    CRAIG M. KELLISON
     UNITED STATES MAGISTRATE JUDGE

26

2