IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL GARDNER

        Plaintiffs,                  No. CIV 2:06-cv-1174-ALA

    vs.

SCOTT KERNAN, et. al.,

        Defendants.              <u>ORDER</u>

        Plaintiff Earl Gardner is a state prisoner proceeding *pro se* and *in forma pauperis* with an action filed pursuant to 42 U.S.C. § 1983 for violation of the prohibition against cruel and unusual punishment under the Eighth Amendment. On May 17, 2007, Defendant Scott Kernan and Defendant Jeanne Woodford filed a motion to dismiss the complaint on the grounds that Mr. Gardner's complaint fails to state a claim upon which relief can be granted. Plaintiff has filed a timely opposition to the motion.

**I**

**A**

        In deciding a motion to dismiss pursuant to Fed. R. Civ. Prod. 12(b)(6), all factual allegations set forth in the complaint are "taken as true." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires

only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*,    U.S.   ,   , 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965.

**B**

In his Amended Complaint, Mr. Gardner argues that the prison procedure of only allowing two to three hours of outdoor exercise on a weekly basis for inmates housed in segregated housing units constitutes cruel and unusual punishment.   Mr. Gardner contends that Defendants Kernan and Woodford "promulgated and implemented" the "'yard access' policy," which has resulted in his being denied adequate access to the prison exercise yard for over two years and has caused him to suffer several "medical maladies."

To state a § 1983 claim, a plaintiff must show (1) that he or she has been deprived of a right secured by the United States Constitution or a federal law and (2) that the deprivation was effected "under color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  To prevail on any claim of cruel and unusual punishment, a prisoner must prove facts that satisfy a two-part test.  First, the conditions alleged must be sufficiently serious such that the official's act or omission results in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted).  Second, the officials responsible for these conditions must exhibit "deliberate indifference" to the inmate's health and safety.  *Id.*  They must act with a state of mind "more blameworthy than mere negligence." *Id.* at 835.

The deprivation of outdoor exercise by prison officials to prisoners can constitute cruel and unusual punishment in violation of the Eighth Amendment. *Spain v. Procunier*, 600 F.2d

1  189 (9th Cir.1979).  "[S]ome form of regular outdoor exercise is extremely important to the
2  psychological and physical well being of the inmates." *Id*. at 199.  Deprivation of necessities by
3  a prison official violates the Eighth Amendment when two requirements are met: (1) the
4  deprivation alleged must be, "objectively, sufficiently serious," and (2) the prison official
5  possesses a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citations omitted)
6  (quotation omitted).  In determining whether a deprivation of a basic necessity, such as outdoor
7  exercise, is sufficiently serious to satisfy the objective component, a court must consider the
8  circumstances, nature and duration of the deprivation. *Spain*, 600 F.2d at 199.  To satisfy the
9  subjective component, the requisite state of mind depends on the nature of the claim.  In
10 prison-conditions cases, the necessary state of mind is one of "deliberate indifference." *Farmer*,
11 511 U.S. at 834.

12      Here, Mr. Mr. Gardner fails to allege facts sufficient to establish the objective element of
13 an Eighth Amendment violation. *See Spain*, 600 F.2d at 199 (holding that plaintiffs in long-
14 term incarceration being held in continuous segregation and spending twenty-four hours each
15 day in their cells were deprived of outdoor exercise, which constituted cruel and unusual
16 punishment); *see also Toussaint v. Yockey*, 722 F.2d 1490, 1493 (9th Cir. 1984) (holding that
17 denial of outdoor exercise to inmates assigned to administrative segregation for over one year
18 raised a "substantial constitutional question").

19      In *Spain*, the Ninth Circuit held that the deprivation of outdoor exercise constituted cruel
20 and unusual punishment where the inmates were confined to continuous segregation for a period
21 of over four years under harsh conditions. *Spain*, 600 F.2d at 199. The district court concluded
22 that several factors combined to make outdoor exercise a necessity: (1) the prisoners were in
23 continuous segregation; (2) the prisoners spent virtually 24 hours everyday in their cells; and (3)
24 the prisoners had minimal contact with other people. *Spain v. Procunier*, 408 F.Supp. 534, 545
25 (N.D.Cal. 1976).  The district court stated in *Spain* that:
26

> the continuous segregation of plaintiffs 24 hours a day, except for meager out-of-cell movements and tier exercise; the denial to plaintiffs of fresh air and regular outdoor exercise and recreation; the unwarranted and cruel use of tear gas to remove plaintiffs from their cells with its consequent dangers of injury to plaintiffs or occupants of nearby cells; and the abhorrent and shocking use of excessive restraints in the combined form of hand manacles, waistbelt, leg chains, and neck chains for all of plaintiffs' out-of-prison movements constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States.

*Id.* (footnotes omitted). The Ninth Circuit affirmed the district court's finding regarding the denial of outdoor exercise to inmates, limiting its holding to the specific facts in that case. *Spain*, 600 F.2d at 200.

Mr. Gardner's claims differ from these cases where an Eighth Amendment violation was found. He concedes that he received two to three hours of weekly outdoor exercise. He also asserts that he was temporarily subject to the "yard policy" at issue, while he was wait-listed for a work assignment. He was housed in the general population. Mr. Gardner does not claim that his contact with other people was limited.

In his opposition to the motion to dismiss, Mr. Gardner relies on *Wilson v. Seiter*, 501 U.S. 294 (1991). He argues that in light of *Wilson*, he has pled sufficient facts to establish an Eighth Amendment violation. In *Wilson,* the Supreme Court stated that:

> conditions of confinement may establish an Eighth Amendment violation in combination when each would not do so alone, but only when they have a *mutually enforcing effect that produces the deprivation of a single, identifiable human* need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets.

*Id.* at 304-305 (citations omitted) (quotation omitted) (emphasis added). Specifically, Mr. Gardner alleges that as a direct result of his inactivity for more than two years straight, he has suffered a 20 pound weight loss, severe muscle atrophy, migraine headaches, breathing and sinus problems, psychological, as well as mental injury. These factual allegations are insufficient to establish a violation of the Eighth Amendment because Mr. Gardner is not describing the "conditions of [his] confinement." *Id.* at 304. The types of "conditions of confinement" a court

1  will consider include the amount of time the prisoner spends each day locked in that cell and the
2  overall duration and the nature of the confinement. *See Spain*, 408 F.Supp. at 545.  Rather, Mr.
3  Gardner alleges that he has experienced certain physical side effects as a result of the yard
4  policy.  As described above,  the conditions of Mr. Gardner's confinement do not rise to the level
5  of an Eighth Amendment violation as described in *Spain*.
6      Absent additional allegations suggesting that the conditions of his confinement
7  combined to create an actionable deprivation of exercise, Mr. Gardner has not stated a
8  cognizable claim for violation of the Eighth Amendment.
9  /////
10      In accordance with the above, IT IS HEREBY ORDERED that Defendants' Motion to
11  Dismiss is GRANTED
12  /////
13  DATED: March 4, 2008

                          /s/ Arthur L. Alarcón
                          UNITED STATES CIRCUIT JUDGE
                          Sitting by Designation